IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN ROBINSON                          *
               Plaintiff

   v.                                    *   CIVIL ACTION NO. JFM-06-181

MARYLAND DEPARTMENT OF PUBLIC            *
  SAFETY AND CORRECTIONAL
  SERVICES                               *
               Defendant.

                         ***

## MEMORANDUM

Warren Robinson filed this hybrid 28 U.S.C. § 2241 petition and 42 U.S.C. § 1983 civil rights complaint on January 19, 2006, while confined at the Baltimore City Detention Center ("BCDC"). He complains that he was detained at BCDC on December 2, 2005, and held for approximately three weeks on unknown charges without seeing a Commissioner. Robinson further claims that his attempts to see a public defender were unsuccessful. Finally, he contends that he although he suffers from seizures and an aneurysm and BCDC staff were told not to place him in a top bunk, he was nonetheless placed in the top bunk, twice fell, and sustained injury to his mouth (loss of teeth) and knee. Robinson asks for federal court intervention.

The Maryland Department of Public Safety and Correctional Services ("DPSCS") has filed a show cause response, to which Robinson has filed a rebuttal. *See* Paper Nos. 6 & 7. The case may be determined on the pleadings without oral hearing. *See* Local Rule 105.6. (D. Md. 2004). Because Robinson's claims regarding his pre-trial detention have been rendered moot, the case shall be dismissed without prejudice.

It is not disputed that on or about December 3, 2005, Robinson was taken into custody on violation of probation bench warrants issued by the Circuit Court for Baltimore City. Paper No. 6, Ex. 1 at Attachments 1-2. The DPSCS states that on December 5, 2005, the Circuit Court reviewed

the bail amounts, but Robinson remained in BCDC custody.  *Id*., Ex. 1 at Attachment 2.  On January

19, 2006, Circuit Court Judge John C. Themelis sentenced Robinson to an aggregate 4 year, 10

month term on violation of probation offenses.  *Id*., Ex. 1 at Attachment 4.   On January 23, 2006,

the commitment order was issued and Robinson was released into the custody of the Maryland

Division of Correction.  *Id*., Ex. 1 at Attachment 3.   Further, according to an affidavit provided to

the court, Robinson is now confined at the Eastern Correctional Institution ("ECI") and since March

3, 2006, has been assigned to a bottom bunk. *Id*., Ex. 2 at Gifford Aff. and Attachment 1.

        To the extent that Robinson is seeking pre-trial habeas corpus relief under 28 U.S.C. § 2241,

his request is moot.[1]  *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (request for

pre-trial habeas relief moot following petitioner's conviction).  Further, with Robinson's transfer out

of BCDC and his assignment to a bottom bunk at ECI, any injunctive relief he is seeking with regard

to his bunk assignment has likewise been rendered moot.  *See Williams v. Griffin*, 952 F.2d 820,

823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and

declaratory relief); *see also Prins v. Coughlin*, 76 F.3d 504, 506 (2nd  Cir. 1996) (case is deemed

moot where the problem sought to be remedied has ceased).   A separate Order follows dismissing

this case.


Date: April 21, 2006                                    /s/_____
                                                       J. Frederick Motz
                                                       United States District Judge


_____

[1]       In his rebuttal, Robinson again challenges his arrest and detention, claiming that he did not did not
receive a statement of charges or appear before a Commissioner.   Paper No. 7.  He further complains he was
not adequately prepared to mount a defense and did not see the Public Defender until 43 days after his arrest,
when he was taken to the Circuit Court for trial. *Id*.   Robinson is not without recourse.  If he wishes to attack
the legality of his convictions in this court, he may file a timely 28 U.S.C. § 2254 habeas corpus action, but
*only* after exhausting his state court remedies on appeal and/or post-conviction review.